SEYFARTH SHAW LLP
Scott H. Olson (SBN 249956)
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 544-1065
Facsimile: (415) 839-8965
Email: solson@seyfarth.com

Attorneys for Creditors/Adversary Plaintiffs ROSE ZOLTEK-JICK and TODD JICK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JAMES ROBERT SWAN,<br><br>   Debtor.<br><br><br><br>ROSE ZOLTEK-JICK and TODD JICK,<br><br>   Plaintiff,<br><br>   v.<br><br>JAMES ROBERT SWAN<br><br>   Defendant. | Case No. 2:09-24121-BR<br><br>Chapter 7<br><br><br>Adv. Proc. No.: 2:09-ap-02026-BR<br><br><br><br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATION OF JAMES ROBERT SWAN** |

Plaintiffs Rose Zoltek-Jick and Todd Jick (the "Jicks" or "Plaintiffs") hereby object to the Declaration of James Robert Swan (the "Declaration") as follows:

1. Plaintiffs object to paragraph 14 of the Declaration on the grounds that Mr. Swan's statement about what he "would not have provided" is speculation.

2.  Plaintiffs object to paragraph 15 of the Declaration on the grounds that Mr. Swan was not present at the hearing and, therefore, lacks personal knowledge of what occurred at the hearing, including what was discussed by counsel at and/or following the hearing.  Plaintiffs further object to paragraph 15 of the Declaration of the grounds that Mr. Swan's statement regarding an oral agreement reached by counsel is hearsay.

3.  Plaintiffs object to paragraph 19 of the Declaration on the grounds that Mr. Swan's statement regarding his understanding of an agreement reached by counsel violates the parol evidence rule and the best evidence rule.

4.  Plaintiffs object to paragraph 20 of the Declaration on the grounds that Mr. Swan's statement regarding his understanding of an agreement reached by counsel violates the parol evidence rule and the best evidence rule.

5.  Plaintiffs object to paragraph 25 of the Declaration on the grounds that Mr. Swan's statement regarding the arbitrator's finding is an improper legal conclusion and that the statement violates the best evidence rule.

6.  Plaintiffs object to paragraph 27 of the Declaration on the grounds that Mr. Swan's statement regarding the arbitrator's finding is an improper legal conclusion and that the statement violates the best evidence rule.

7.  Plaintiffs object to paragraph 30 of the Declaration on the grounds that Mr. Swan's statement that he fulfilled his obligations under the arbitration decision is an improper legal conclusion.  Plaintiffs further object to paragraph 30 of the Declaration on the grounds that Mr. Swan lacks personal knowledge regarding whether the referenced shipments were delivered.

8. Plaintiffs object to paragraph 31 of the Declaration on the grounds that Mr. Swan lacks personal knowledge regarding whether the referenced shipments were delivered and that anything he was told regarding the status of the shipments is hearsay.

9. Plaintiffs object to paragraph 35 of the Declaration on the grounds that Mr. Swan's statement regarding what his attorney told Plaintiffs' counsel is hearsay. Plaintiffs further object to paragraph 35 of the Declaration on the grounds that Mr. Swan lacks personal knowledge of the alleged conversation between counsel.

10. Plaintiffs object to paragraph 36 of the Declaration on the grounds that Mr. Swan's statement regarding what he told his attorney is hearsay. Plaintiffs further object to paragraph 36 of the Declaration on the grounds that Mr. Swan's statement regarding what he "would" do is speculation and conclusory.

11. Plaintiffs object to paragraph 36 of the Declaration on the grounds that Mr. Swan's statement regarding the status of his business is conclusory and irrelevant.

DATED:  March 16, 2011                                **SEYFARTH SHAW LLP**

By: /s/ Scott H. Olson
           Scott H. Olson
Attorneys for Plaintiffs ROSE ZOLTEK-JICK and TODD JICK

3

13217604v.1